**The B.F. GOODRICH COMPANY,**
**Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 93–369T.

United States Court of Federal Claims.

Jan. 12, 1995.

Carl M. Jenks, Cleveland, OH, for plaintiff.

Stuart J. Bassin, U.S. Dept. of Justice, Washington, DC, for defendant.

## OPINION

HODGES, Judge.

The IRS disallowed a portion of the depreciation deductions taken by plaintiff on property that qualified for the investment tax credit under I.R.C. § 38 (1988). The basis of such property for depreciation purposes is reduced by the amount of investment tax credit determined. §§ 48(q), 49(d). In this tax-refund lawsuit, plaintiff contends that basis should be higher than that established by the IRS because of plaintiff's "reasonable expectation" that its investment tax credit

would be carried forward to subsequent tax years and reduced under § 49(c)(2). We grant defendant's motion for summary judgment.

## DISCUSSION

■ The investment tax credit was repealed by the Tax Reform Act of 1986, Pub.L. No. 99–514, § 49(a), 100 Stat. 2085, 2166 (1986). A credit was allowed for property purchased by the end of 1985 and subsequently placed in service, however. § 49(b)(1). Property placed in service in 1986 qualified for the full 10 percent credit. An 8.25 percent credit was allowed for property placed in service in 1987, and a 6.5 percent credit was permitted for property placed in service in 1988 and later years. § 49(c)(1), (3).

In 1986, plaintiff placed in service $56 million worth of property that qualified for the investment tax credit. Property worth an additional $14 million was placed in service in 1987. Plaintiff claimed an investment tax credit equal to 10 percent of the cost of the 1986 property, and 8.25 percent of the cost of the 1987 property.

"[I]f a credit is determined ..., the basis of [the] property shall be reduced by 100 percent of the amount of the credit so determined." §§ 48(q)(1), 49(d)(1). Plaintiff reduced its basis by 6.5 percent of the cost of the 1986 and 1987 property. Defendant contends that plaintiff should have reduced basis by 10 percent on the 1986 property and 8.25 percent on the 1987 property.

Plaintiff had large pre-1986 net-operating-loss carryforwards and tax-credit carryforwards. The credits determined in 1986 and 1987 were carried forward because of § 38(c), which limits the amount of credits that can be used in any one year. When credits are carried forward to 1988 and later years, they are reduced to 6.5 percent of the property's cost. § 49(c)(2). Plaintiff sought to deduct the reduced portion of the credits by establishing a higher basis for depreciation purposes. Plaintiff states that otherwise it could not recover the entire cost of its investment.

The investment tax credit is determined in the year that qualifying property is placed in service. § 46(a), (c). Basis must be reduced by the amount of the credit determined. When a credit is carried forward to 1988, it is reduced under § 49(c)(2). This occurs after basis has been established. Nothing in the statute suggests that basis may be reduced by a lesser amount if a taxpayer's inability to use the credit in the year determined would result in its reduction when carried forward. *See* Rev.Rul. 87–113, 1987–2 C.B. 33, 35.

Plaintiff argues that the legislative history permits a basis reduction of only 6.5 percent if a taxpayer anticipates a reduction in a 1986 or 1987 credit carryforward. The legislative history states that basis is reduced

> by the full amount of investment credits earned with respect to the transition property (after application of the phased-in 35-percent reduction, described below)....

> \* \* \* \* \* \*

> ... [F]or transition property that is eligible for a 6.5 percent investment tax credit, the basis reduction would be with respect to the 6.5 percent credit, not the unreduced 10 percent credit.

H.R.Conf.Rep. No. 841, 99th Cong., 2d Sess. II–63–64 (1986).

The legislative history refers to the reduction of a credit when it is determined, not the subsequent reduction of a credit carryforward. If property is placed in service in 1988, the standard 10 percent credit must be reduced to 6.5 percent. §§ 46(a), 49(c)(1). The legislative history states that basis would be reduced by 6.5 percent, which is the amount of credit that can be claimed on the property. A literal reading of §§ 48(q) and 49(d) could require a 10 percent basis reduction because the full credit amount is determined before the credit reduction is taken into account. The legislative history clarifies any such ambiguity. Plaintiff agrees, but argues that the legislative history also refers to the reduction of a credit carryforward.

Property placed in service in 1986 is eligible for a 10 percent credit. The credit is not reduced unless carried forward. According to the legislative history, basis is reduced by the amount of credit for which the property

is "eligible." When property is placed in service, it is eligible for the credit irrespective of whether the credit later may be carried forward and reduced.

█ As an alternative theory, plaintiff claims a deduction under § 196(a) [1] of the amount of the reduction in the investment tax credit. If a credit has not been allowed for any taxable year "after the application of section 38(c)," a deduction of that amount is permitted. § 196(a). Plaintiff's credits for 1986 and 1987 were carried forward because of the limitation of § 38(c). A portion of each credit then was reduced because of § 49(c)(2). Plaintiff contends that § 38(c) need be applied only once, and that a subsequent reduction of the credit will permit a § 196(a) deduction.

A deduction is permitted at the end of the § 39 carryforward period. § 196(a). A credit can be carried back three years and carried forward 15 years. § 39(a). Section 196(a) contemplates "the application of section 38(c)" in each of those years. *See* Rev. Rul. 87–113, 1987–2 C.B. 33, 35. Plaintiff's credits were reduced by § 49(c)(2). The reduced portion of the credits is not available for the deduction allowed after 15 years by § 196(a).

## CONCLUSION

Plaintiff's motion for summary judgment is DENIED, and defendant's motion for summary judgment is GRANTED. The Clerk will enter judgment dismissing plaintiff's complaint. No costs.

---

1. Section 196(a) provides:

   If any portion of the qualified business credits determined for any taxable year has not, after the application of section 38(c), been allowed to the taxpayer as a credit under section 38 for any taxable year, an amount equal to the credit not so allowed shall be allowed to the taxpayer as a deduction for the first taxable year following the last taxable year for which such credit could, under section 39, have been allowed as a credit.